**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL LEWIS, | ) | CASE NO. 4:16 CV 2839 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| LASHANN EPPINGER, WARDEN, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Michael Lewis filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Lewis is currently incarcerated in the Grafton Correctional Institution, having pled guilty in 2014 to five counts of rape. He was sentenced to nine years in prison. In this federal habeas petition, Lewis claims: (1) he was placed in double jeopardy because he was convicted of multiple counts of the same offense; and (2) he received ineffective assistance of appellate counsel on appeal of the denial of his motion to withdraw his guilty plea. He asks this Court to vacate his conviction and sentence. For the reasons stated below, the Petition is denied and this case is dismissed.

## I. Procedural Background

Lewis was indicted by a Mahoning County Grand Jury on January 30, 2014 on ten counts of rape, first degree felonies with life in prison specifications, and one count of endangering children. Pursuant to plea negotiations, he pled guilty to five counts of rape in exchange for the state's dismissal of five counts of rape and the endangering children charge, and the elimination of

the life sentence specifications. He was sentenced on October 17, 2014 to nine years on each count of rape, to be serve concurrently. He was also classified as a Tier III sex offender.

Five months later, on March 23, 2015, Lewis filed a Motion to Withdraw his Guilty Plea. He claimed he entered his plea without understanding the nature of the charges and the effect the plea would have on his rights. He also claimed his counsel misled him and he was not satisfied with his counsel's advice. The trial court denied his Motion on April 13, 2015.

Lewis filed a Notice of Appeal on May 5, 2015. He did not specify whether he was attempting to file a belated direct appeal of his conviction and sentence, or whether he was filing an appeal of the denial of his Motion to Withdraw his Guilty Plea. The Ohio Seventh District Court of Appeals granted Lewis thirty days to either file a Motion for Delayed Appeal of his October 2014 conviction or to file an Amended Notice of Appeal to identify the April 2015 denial of this Motion to Withdraw Guilty Plea as the order under review. Lewis did not do either of these things. The Court of Appeals noted that Lewis's only timely appeal would be from the denial of his Motion, and limited its review to that judgment.

The Court of Appeals appointed counsel to represent Lewis. That Counsel did not file a merit brief and instead requested permission to withdraw pursuant to *State v. Toney*, 23 Ohio App. 2d 203 (Ohio 7th Dist. 1970). The Court of Appeals reviewed the trial court's plea colloquy, and determined he understood the nature of the charges against him, and the effect they would have on his rights. The Court further determined that his trial counsel obtained a good deal for Lewis, getting five rape charges dismissed, and the life sentence specifications withdrawn, taking his potential sentence from life in prison to nine years incarceration. On April 19, 2016, the Court of Appeals upheld the decision of the trial court to deny the Motion to Withdraw Guilty Plea.

Lewis did not immediately appeal that decision to the Supreme Court of Ohio. Instead, he filed a Motion for Delayed Appeal on July 25, 2016. The Supreme Court denied his Motion and dismissed the appeal on September 14, 2016.

Lewis filed this federal Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on November 21, 2016. He asserts two grounds for relief:

> 1. Petitioner's due process rights to double jeopardy protection was [sic] violated when he was subjected to multiple convictions for the same offense.
>
> 2. Petitioner's due process right to effective assistance of appellate counsel was violated, when appellate counsel filed a no merit brief and requested to withdraw as counsel of record.

(ECF No. 1 at 6, 8). In support of his first ground for relief, he asserts that although he pled guilty to five counts of rape, he could only be convicted under state law of one count. He asserts his conviction on all five counts subjected him to double jeopardy. In support of his second ground for relief, he asserts that the attorney appointed to represent him with respect to the denial of his Motion to Withdraw his Guilty Plea was ineffective for not recognizing and arguing his claim of double jeopardy. He asks this Court to vacate his conviction and sentence.

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to Habeas Corpus Petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v.*

*Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774-76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id.* at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.2007). AEDPA

essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998).

## III. Procedural Barriers to Habeas Review

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a Petitioner must overcome several procedural hurdles. Specifically, he must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a Petition for a Writ of Habeas Corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a Petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts

well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).

To determine if a claim is procedurally defaulted the Court must determine whether: (1) there is a state procedural rule that is applicable to the Petitioner's claim and that the Petitioner failed to comply with the rule; (2) whether the state courts actually enforced the state procedural sanction; and (3) whether the state procedural forfeiture is an adequate and independent state ground

upon which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a Petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

## IV. Analysis

Lewis's claims are procedurally defaulted. They have not been presented to any Ohio Court. Moreover, Lewis has not completed any review to the highest court in the state, making exhaustion of state court remedies impossible. A claim may be procedurally defaulted if the Petitioner fails "to obtain consideration of a claim by a state court, either due to the petitioner'' failure to raise that claim before the state courts while state court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the Petitioner's claim." *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (quoting *Seymour v. Walker*, 224 F.3d 542, 549–50 (6th Cir. 2000)).

In this case, Lewis did not present his claims to the state courts and there are now no remedies available for him to return to state court to complete the exhaustion process. Lewis's first ground for relief could and should have been raised on direct appeal. Lewis did not file a direct appeal and did not take the opportunity to file a Motion for Delayed Appeal when given the opportunity to do so by the Court of Appeals. Ohio has a rule that claims must be raised on direct appeal if possible; otherwise, *res judicata* bars their litigation in subsequent state proceedings. *See State v. Perry*, 10 Ohio St.2d 175, 180 (1967). That rule is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim *Seymour* 224 F.3d at 554-56. Lewis's second ground for relief concerns ineffective assistance of appellate counsel pertaining to the appeal of his Motion to Withdraw Guilty Plea. The only means for this ground to be asserted in the state court is through an Application to Reopen Appeal under Ohio Appellate Rule 26(b). That rule is specifically limited to the "reopening of the appeal from the judgment of conviction... ." OHIO R. APP. P. 26(b). It is not clear whether his appeal of his Motion would fall into this category. Regardless, Lewis did not file an Application to Reopen the Appeal. The time limit for filing an Application to Reopen his Appeal is ninety days from the date of the judgment. The time to file an App. Rule 26(b) Application expired well before he filed this federal habeas corpus petition. He does not have an available remedy to exhaust his claims in the Ohio Courts.

When a claim is procedurally defaulted, federal habeas review is barred unless the Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Lewis can overcome a procedural default by

showing (1) there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error or (2) a fundamental miscarriage of justice would result from a bar on federal habeas review. *See Maupin*, 785 F.2d at 138; *see also Hutchison v. Bell*, 303 F.3d 720, 735 (6th Cir. 2002); *Combs v. Coyle*, 205 F.3d 269, 274-75 (6th Cir. 2000). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded his efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 484 (1986). "Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.'" *Hargrave–Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991)). To establish prejudice, Lewis must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

The Petition does not suggest any factor external to the defense precluded Lewis from raising these claims in an appeal of his conviction. Although he was represented by counsel, his counsel did not file a merit brief because he believed Lewis's ground for relief to be frivolous. Lewis states he did not know he could file a brief *pro se* were until another inmate told him he could do so. This remedy was reasonably available to Lewis. The Court of Appeals states in its opinion that they notified Lewis that his attorney had filed a *Toney* but Lewis did not file a *pro se* brief. Furthermore, Lewis has not shown he was prejudiced by the attorney's failure to file a merit brief. He pled guilty to five counts of rape, but his sentences run concurrent to each other, not consecutive. Whether he was sentenced on one count or all five counts, he would still serve a total of nine years in prison.

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing *Murray*, 477 U.S. at 495-96). Lewis does not claim he is actually innocent of the underlying conviction. There is no suggestion that a fundamental miscarriage of justice occurred as a result of this procedural default.

## III. Conclusion

For all the foregoing reasons, the Petition (ECF No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

*/s/ John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

Dated: February 28, 2017